JUNTA DE RELACIONES DEL TRABAJO, a nombre del SINDICATO DE TRABAJADORES DE LA INDUSTRIA AZUCARERA, afiliada a la C.G.T., peticionaria, v. EASTERN SUGAR ASSOCIATES, haciendo negocios como CENTRAL JUNCOS, demandada.

Núm. 14.—*Sometido:* Febrero 15, 1949. *Resuelto:* Marzo 31, 1949.

*Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General,* en la petición), *A. Torres Braschi, Procurador General Auxiliar, Yamil Galib Frangie* y *Ramón Olivo Nieves,* abogados los dos últimos de la Junta de Relaciones del Trabajo, abogados todos de la peticionaria; *E. T. Fidler, José G. González, Tomás I. Nido, Jorge M. Morales, Mariano Canales, Ramón L. Nevares* y *Andrés Guillemard,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Acogiéndose a lo preceptuado en el artículo 9(2)(c) de la Ley núm. 130 de 8 de mayo de 1945 (pág. 407), según fué enmendada por la núm. 6 de 7 de marzo de 1946 (págs. 19, 45) la Junta de Relaciones del Trabajo de Puerto Rico, a nombre del Sindicato de Trabajadores de la Industria Azucarera de Puerto Rico, afiliado a la C.G.T., radicó una petición en que solicita de este Tribunal ordene a la Eastern Sugar Associates que efectúe la inmediata reposición en su empleo del obrero Emilio Ojeda Morales y le satisfaga además los jornales por él dejados de percibir desde la fecha de su despido hasta la de su reposición, dando así cumplimiento al laudo de arbitraje recaído a la luz del convenio colectivo firmado entre las partes y de los preceptos de la Ley de Relaciones del Trabajo de Puerto Rico.

Dictada resolución ordenando se citara a las partes para que dentro del término de diez días mostraran causas por las cuales no debía ponerse en vigor el referido laudo, la querellada contestó alegando que el laudo objeto del recurso es nulo, por cuanto de su faz se desprende que el mismo surgió de la actuación exclusiva del quinto miembro del Comité de Arbitraje; porque éste no decidió nada en cuanto a la evidencia que ante él se presentó y por estar el laudo en abierto conflicto con la prueba presentada y con los hechos aceptados como probados por el propio quinto miembro del

Comité; y que la petición de la Junta solicitando se haga cumplir el laudo arbitral en este caso constituye un claro abuso de discreción, ya que no se alega que ella realizó gestiones para ayudar a poner en vigor el laudo.

■■ La prueba que tuvieron ante sí el Comité y el quinto miembro ha sido elevada por la querellada. De ella se desprende que cuando Manuel López, empleado de la demandada, manifestó una mañana al obrero Emilio Ojeda Morales que no había trabajo ese día, éste manifestó en alta voz: "Bueno como a mí la compañía no me da nada, que se vaya todo el mundo para el (aquí una palabra obscena);" que en vista de ello el obrero fué despedido de su trabajo, razón por la cual la unión local presentó una querella al Comité de Quejas y Agravios y no pudiendo éste ponerse de acuerdo, se designó a Jacobo Algarín, Juez de Paz de Juncos, como quinto miembro. Se desprende además de los autos que en la resolución del quinto miembro se hace constar que como las declaraciones de los testigos eran contradictorias, él llega a la conclusión de que no había motivos para la suspensión del obrero y de que lo que procede es reponerlo en su trabajo, pero haciéndole la reprimenda de que en lo sucesivo no debe hacer manifestaciones de ninguna índole, aunque éstas no se refieran a su patrono o a persona alguna. Asimismo se desprende que la resolución del quinto miembro fué ratificada por otros dos de los miembros del Comité, pero en cuanto a lo de la reprimenda el Comité acordó que se reprendiera al obrero, "llamándole la atención de que en el futuro no cometa ninguna ligereza, porque esto le costará su trabajo definitivamente." El laudo fué, pues, rendido por una mayoría de los cinco miembros que constituían el Comité de Arbitraje.

Un laudo puede ser impugnado o anulado si existe algún defecto en la sumisión o cuando se demuestra que ha habido falta de jurisdicción, fraude, mala fe, corrupción o conducta impropia de parte del comité arbitral, o violación de la polí-

tica pública o cuando el laudo no resuelve todas las cuestiones en controversia que se sometieron. No revela la prueba que ocurriera nada de eso en este caso. El hecho de que el quinto miembro del Comité o el Comité mismo recomendaran una reprimenda para el obrero no conlleva la nulidad del laudo arbitral. Esto a nuestro juicio significa que el Comité entendió que el obrero había procedido mal, pero que su actuación impropia no era suficiente para despedirlo de su trabajo. *Junta de Relaciones del Trabajo de Puerto Rico, etc.* v. *New York & Porto Rico Steamship Co.,* ante, pág. 782.

La petición de la Junta claramente alega que la querellada se negó a reponer al obrero Emilio Ojeda Morales en su empleo, a pesar de haber sido requerida para ello por el Sindicato y a pesar de las gestiones realizadas al efecto por la propia Junta. No obstante, diremos que si bien el artículo 9(2)(c) de la Ley no exige expresamente que la Junta requiera previamente al patrono para que éste dé cumplimiento a un laudo arbitral antes de que pueda acudir ante nos, la mejor práctica en casos de laudos de arbitraje debe siempre ser que la Junta requiera a la parte obligada a cumplirlo que así lo haga, y que acuda ante este Tribunal tan sólo cuando hubiere una negativa a cumplir con el laudo.

*Se dictará sentencia declarando con lugar la petición y ordenando a la demandada que reponga inmediatamente a Emilio Ojeda Morales en el trabajo que anteriormente realizaba en la Central Juncos.*

El Juez Asociado Sr. Negrón Fernández no intervino.

Opinión concurrente del Juez Asociado Sr. Todd, Jr.

Concurro con la opinión de la Corte en este caso porque la prueba presentada demostró que no hubo justa causa para el despido del obrero, ya que la frase obscena pronunciada por él no iba dirigida a ninguna persona en particular ni a su patrono. No considero que la recomendación de una

reprimenda, en la forma en que ésta fué hecha por el Comité, juegue papel de importancia en el caso, y, por tanto, no cae dentro del alcance del castigo impuesto por el Comité de Arbitraje en el caso núm. 11 de la *Junta de Relaciones del Trabajo* v. *New York & Porto Rico Steamship Co.*, resuelto en el día de hoy, y en el cual disentí.