JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO ET AL., peticionaria, *v.* CARIBBEAN TOWERS, INC., demandada.

*Número:* O-70-130   *Resuelto:* 2 de febrero de 1971

*Gilberto Gierbolini, Procurador General,* y *Marta Ramírez de Vera, Procuradora General Auxiliar,* abogados de la peticionaria; *Carlos A. Todd* y *Octavio Jiménez,* abogados de la demandada.

PER CURIAM: La Junta de Relaciones del Trabajo de Puerto Rico acude ante nos para que el Tribunal ponga en vigor un laudo de arbitraje rendido el 29 de enero de 1970 contra el patrono Caribbean Towers, Inc., 29 L.P.R.A. sec. 70(2) (c).

El 29 de octubre de 1969, Julio Cruzado Pérez, empleado unionado de la Caribbean Towers, como asistente del área de estacionamiento del edificio del mismo nombre en Miramar, fue despedido por ésta. Habiendo surgido una disputa entre la Unión y el patrono en torno al despido del empleado, las partes, de conformidad con el procedimiento fijado en el convenio colectivo para la solución de disputas de esta naturaleza, luego de numerosas negociaciones, solicitaron que el Negociado de Conciliación y Arbitraje del Departamento del Trabajo designara un árbitro para que entendiera en el asunto. El acuerdo de sumisión sometido al árbitro fue el siguiente:

"Determinar si el despido del obrero, Señor Julio Cruzado Pérez, estuvo o no justificado."

Se celebró una vista ante el árbitro el 16 de enero de 1970 y el 28 de enero de 1970 rindió su laudo en el cual resolvió, previa formulación de conclusiones sobre los hechos, que el despido no estuvo justificado y procedió a modificar el castigo impuesto por una suspensión disciplinaria de treinta (30) días laborables a partir del 29 de octubre de 1969, ordenar su reinstalación y el pago de los ingresos dejados de percibir como consecuencia del despido, con excepción de los treinta días correspondientes al castigo disciplinario.

La Caribbean Towers se negó a acatar el laudo del árbitro. Alega que el laudo es nulo porque (1) el árbitro se excedió en su jurisdicción, ya que las partes le sometieron solamente si el castigo fue justificado o injustificado, y no si éste era excesivo; y (2) el laudo es contrario a la prueba y a derecho.

Hemos examinado el expediente del caso cuidadosamente y no encontramos nada que justifique la posición de la Caribbean Towers. El procedimiento para la solución de disputas sobre despidos de empleados entre la Unión y la Caribbean está contenido en el Art. VI, inciso B del convenio colectivo que dispone:

"B. El árbitro tendrá jurisdición [sic] en los casos en los cuales la Unión alegue que un empleado o empleados ha(n) sido suspendido(s) sin justa causa, si en tal caso el árbitro determinara a base de preponderancia que [sic] la prueba sometida, el empleado fur [sic] suspendido o despedido sin justa causa, el árbitro ordenará a la Compañía que tome aquella acción afirmativa, incluyendo la reposición del empleado o empleados afectados con o sin sueldo(s) atrasado(s) que a juicio del árbitro fuere necesario para llevar a efecto la decisión del mismo; disponiéndose, sin embargo, que para la Unión o un empleado tener derecho a llevar un caso de despido o suspensión ante el Administrador del [sic] Compañía y/o el árbitro, el

empleado afectado deberá haber trabajado para la Compañía por lo menos treinta y un (31) días laborables."

En el citado lenguage la Unión y la Caribbean le confirieron jurisdicción al árbitro para en caso de que determinara que un empleado fue despedido sin justa causa, ordenara al patrono que tomara acción afirmativa, *incluyendo reposición con o sin sueldo atrasado.* Por lo que, aunque en el acuerdo de *sumisión* las partes no lo especificaron, ya, en virtud del convenio colectivo, le habían conferido jurisdicción al árbitro. En el convenio se especifica que el árbitro viene obligado a decidir conforme a derecho. El acuerdo de sumisión unido al convenio establecen en este caso la ley para las partes en el procedimiento de arbitraje. En *Junta de Relaciones del Trabajo* v. *Sociedad Mario Mercado e Hijos,* 74 D.P.R. 403, 407 (1953), resolvimos que en ausencia de disposición expresa en contrario en el convenio colectivo, un árbitro "tiene facultad (1) para resolver que aún considerando ciertos los hechos en que un patrono basa el despido de unos obreros, dicho despido era una pena demasiado drástica, y (2) para modificar dicha pena."

La prueba que tuvo ante sí el árbitro estableció como hechos que:

El Señor Julio Cruzado Pérez trabajaba para la Caribbean Towers como asistente del área de estacionamiento. A la entrada del lote para estacionamiento de la Compañía hay una máquina electrónica que expide un boleto señalando la fecha y hora en que entra el usuario. Al salir el usuario en su automóvil, entrega el boleto recibido al asistente del área de estacionamiento y éste procede a sellarlo en un reloj especial que se utiliza para tales efectos, determinando el tiempo que ha estado estacionado el vehículo y a base de eso le cobra. Para el desempeño de estas funciones, el asistente del área de estacionamiento está provisto de un escritorio con gavetas, una silla y algún dinero en efectivo. Una vez terminado el turno del asistente del estacionamiento, procede a

echar el dinero en efectivo, los boletos y el dinero cobrado en una bolsa, la cual deposita personalmente en un buzón instalado a esos efectos. En las operaciones del negocio de estacionamiento de la Caribbean Towers hay dos turnos: el primero es de 7:00 A.M. a 3:00 P.M., y el segundo, de 3:00 P.M. a 9:00 P.M. El señor Julio Cruzado Pérez trabajaba el segundo de estos turnos.

El día 28 de octubre de 1969, al terminar su turno a las 9:00 P.M., no depositó la bolsa con el dinero y los boletos en el buzón correspondiente, sino que la dejó en una gaveta del escritorio que utiliza en el desempeño de su trabajo. A las 9:10 P.M. de ese mismo día, el guardián del área de estacionamiento encontró la bolsa al ir a depositar un boleto en la gaveta del escritorio. El guardián tomó la bolsa y la depositó en el buzón con una nota en la que señalaba que ésa era la bolsa que Julio Cruzado Pérez había olvidado dejándola en la gaveta del escritorio. El señor Julio Cruzado Pérez negó que hubiera olvidado la bolsa y afirmó que la había depositado personalmente en el buzón.

■ A la luz de la prueba que justifica estos hechos, no podemos estar de acuerdo con la Caribbean en que el laudo sea contrario a la prueba. El árbitro tenía facultad para resolver como lo hizo luego de haber determinado que la negligencia de Julio Cruzado Pérez no fue de tal gravedad como para justificar su despido. No habiendo en el acuerdo de sumisión ni en el convenio colectivo nada que impidiera al árbitro modificar la penalidad, el laudo de arbitraje es válido y obliga a las partes en este caso.

■ Alega la Caribbean que la Junta venía obligada a celebrar una vista pública antes de resolver entablar el presente recurso ante este Tribunal, 29 L.P.R.A. secs. 66 y 70(2)(a) y (b). Carece de mérito esta contención. El Art. 9(2)(E) de la Ley de Relaciones del Trabajo de Puerto Rico, 29 L.P.R.A. sec. 70(2)(c) que autoriza esta acción de la pe-

ticionaria, no establece derecho de las partes a una vista pública previo a la Junta hacer su petición ante nosotros. Tampoco exige que la Junta requiera previamente al patrono para que dé cumplimiento a un laudo arbitral antes de que pueda acudir a este Tribunal. Como señalamos en *Junta de Relaciones del Trabajo* v. *Eastern Sugar*, 69 D.P.R. 818, 821 (1949):

> ". . . la mejor práctica en casos de laudos de arbitraje debe siempre ser que la Junta requiera a la parte obligada a cumplirlo que así lo haga, y que acuda ante este Tribunal tan solo cuando hubiere una negativa a cumplir con el laudo."

En este caso la Junta hizo este requerimiento a la demandada.

Por último, señala la Caribbean que no procede lo solicitado por la Junta a los efectos de que se le imponga el pago de una suma igual y adicional a la que resulte adeudada en concepto de ingresos dejados de percibir por el señor Julio Cruzado Pérez a consecuencia de su despido.

■ En el caso de *Beauchamp* v. *Dorado Beach Hotel*, 98 D.P.R. 633, opinión del 12 de febrero de 1970, este Tribunal determinó que corresponde el pago adicional igual a la suma adeudada en concepto de salarios, como conclusión necesaria al laudo del árbitro, por ordenarlo así la Ley de Horas y Salarios, 29 L.P.R.A. sec. 282, que encarna la política pública del país sobre esta materia, y por considerarse esa ley es parte del contrato de trabajo. En el último párrafo de la opinión se estableció el carácter prospectivo de la misma. El laudo de arbitraje en el presente caso se rindió el 29 de enero de 1970, antes de haberse adoptado la doctrina del caso de *Beauchamp* v. *Dorado Beach Hotel*, (supra), por lo que no tiene aplicación a este caso. Convenimos con la demandada en que no procede el pago de la penalidad en el presente caso.

Por las razones anteriormente expuestas, *se dictará sentencia (1) poniendo en vigor el laudo emitido por el árbitro*

*en este caso, y (2) ordenando a la Caribbean Towers, Inc., acatar dicho laudo y pagar al señor Julio Cruzado Pérez solamente la suma adeudada a éste en concepto de salarios dejados de percibir, a tenor con lo resuelto en el laudo de arbitraje.*

El Juez Asociado Señor Santana Becerra no intervino.