JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* CARIBBEAN TOWERS, INC. y/o ASOCIACIÓN DE DUEÑOS DE CONDOMINIO CARIBBEAN TOWERS, demandados.

*Número:* O-73-17     *Resuelto:* 11 de noviembre de 1974

*Myriam Naveira de Rodón, Procuradora General, José E. Rodríguez Rosaly, Richard V. Pereira* y *Federico Díaz Ortiz,* abogados de la peticionaria; *Luis Angel López Olmedo,* por derecho propio, y en representación del obrero Armando Romero y el Sindicato de Guardianes y Ramas Anexas de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR CADILLA GINORIO emitió la opinión del Tribunal.

La Junta de Relaciones del Trabajo de Puerto Rico [1] radicó una petición ante este Tribunal para que pusiéramos en vigor una orden suya dirigida a los aquí demandados.

La orden referida fue dictada por la Junta en el caso ante ella conocido como: "En el Caso de Caribbean Towers, Inc. y/o Asociación de Dueños de Condominio Caribbean Towers y/o Pedro Vergne Roig y Sindicato de Guardianes y Ramas Anexas de Puerto Rico, Inc., caso núm. CA-4084, D-9-72-618, la cual fue dictada el 24 de abril de 1972, y que copiada literalmente, lee así:

"A base del expediente completo del caso y de acuerdo con el Artículo 9, Sección (b) de la Ley de Relaciones del Trabajo de Puerto Rico la Junta de Relaciones del Trabajo de Puerto Rico por la presente ORDENA, que las querelladas Caribbean Towers, Inc. y Asociación de Dueños de Condominio Caribbean Towers, sus agentes, sucesores, oficiales y cesionarios deberán solidariamente:

1. Cesar y desistir de:

a) En manera alguna violar los términos del convenio colectivo firmado con el Sindicato de Guardianes y Ramas Anexas

---

[1] En adelante la llamaremos la Junta.

de Puerto Rico, Inc. especialmente los Artículos 7 (Días Feriados) y 15 (Plan de Bienestar).

2. Tomar la siguiente acción afirmativa que consideramos cumple los propósitos de la Ley:

    a) Compensar al Sr. Armando Romero por las cantidades adeudadas al dejar de pagarle ciertos días feriados que éste trabajó, a doble tiempo, más los intereses legales correspondientes.

    b) Remitir al Sindicato de Guardianes y Ramas Anexas de Puerto Rico, Inc. los dineros adeudados al Plan de Bienestar, más los intereses legales correspondientes.

    c) Fijar en sitios conspicuos de su negocio copias del Aviso a Todos Nuestros Empleados que se adhiere a y se hace formar parte de esta Decisión y Orden y mantenerlos fijados por un período no menor de 30 días consecutivos desde la fecha de su fijación.

    d) Proporcionar al Presidente de la Junta suficientes copias firmadas del referido Aviso.

    e) Notificar al Presidente de la Junta dentro de los diez (10) días siguientes a la fecha de esta Orden qué providencias ha tomado la querellada para cumplir con lo ordenado."

En la petición radicada la Junta alegó que los demandados no habían cumplido con dicha orden a pesar de las múltiples gestiones realizadas por la peticionaria para lograrlo.

Solicitó que ordenáramos a los demandados a cumplir con la totalidad de la orden y que pagara al Sr. Armando Romero una suma adicional igual a la adeudada, por concepto de pago doble de días feriados en virtud del Art. 13 de la Ley Núm. 379 de 1948.

El 23 de abril de 1973 dictamos sentencia declarando con lugar la petición y en su consecuencia se puso en vigor en su totalidad la referida orden de la Junta del 24 de abril de 1972; y se requirió a los demandados para que sin excusa ni pretexto alguno dieran cumplimiento a dicha orden.

El 7 de agosto de 1974 la Junta radicó ante este Tribunal una "Solicitud de Ampliación de Sentencia", en la cual expone que a base de un cargo radicado por el Sindicato de Guardia-

nes y Ramas Anexas de Puerto Rico, Inc., dicha Junta expidió querella imputándole a Caribbean Towers, Inc. y/o Asociación de Dueños de Condominio Caribbean Towers y/o Pedro Vergne Roig, lo siguiente:

"1.     .     .     .     .     .     .     .

2.     .     .     .     .     .     .     .

3. Que desde el día 5 de marzo de 1969 y hasta el presente las relaciones entre los querellados y la querellante se han regido por un convenio colectivo firmado el 8 de abril de 1969.

4. Que el Artículo 7 del convenio colectivo anteriormente señalado dispone:

*ARTICULO 7*

*DIAS FERIADOS*

Sección 1.—Los siguientes serán días de fiesta a los efectos de este Convenio:

*DIAS COMPLETOS*

| | | |
|---|---|---|
| 1. | 1ro. de enero | Año Nuevo |
| 2. | 6 de enero | Día de Reyes |
| 3. | Abril (movible) | Viernes Santo |
| 4. | 4 de julio | Día de la Independencia |
| 5. | Septiembre (1er. lunes) | Día del Trabajo |
| 6. | 25 de diciembre | Día de Navidad |

Sección 2.—Conforme a las disposiciones de la Sección 387 del Código de Puerto Rico [*sic*] siempre que cualquiera de los citados días festivos cayeran en domingo, el día siguiente a dicho domingo, será considerado como día festivo.

Sección 3.—Los empleados recibirán su paga por un día de trabajo, cuando no trabajan en los días de fiesta antes enumerados, y cobrarán dos veces su salario regular en cualquier día completo de fiesta que trabajaren.

Sección 4.—Los días feriados serán pagados sin importar el día de la semana en que caigan.

5.     .     .     .     .     .     .     .

6. Que a pesar de que el Sr. Armando Romero trabajó el día 4 de julio (Día de la Independencia de Estados Unidos), el primer lunes de septiembre (Día del Trabajo) y el Día Viernes Santo del año 1969, el patrono le pagó en forma sencilla.

7.  .  .  .  .  .  .  .

8. Que la conducta señalada anteriormente constituye una violación a los artículos 7 y 15 del convenio vigente y una violación al artículo 8(2) (a) de la Ley de Relaciones del Trabajo de Puerto Rico."

Esta querella fue notificada a las partes, celebrándose una audiencia ante un Oficial Examinador el 17 de mayo de 1970, estando presentes todas las partes; y dicho funcionario rindió su Informe el 10 de noviembre de 1970. Los demandados presentaron sus objeciones y excepciones al mismo; y con fecha 24 de abril de 1972, la Junta peticionaria emitió su "Decisión y Orden Núm. 618" declarando a las partes demandadas incursas en prácticas ilícitas de trabajo y ordenándoles, entre otras cosas, lo siguiente:

"1.  .  .  .  .  .  .  .

2. Tomar la siguiente acción afirmativa que consideramos cumple los propósitos de la Ley:

a) Compensar al Sr. Armando Romero por las cantidades adeudadas al dejar de pagarle ciertos días feriados que éste trabajó, a doble tiempo, más los intereses legales correspondientes."

La peticionaria notificó a los demandados las cantidades adeudadas por ellos al obrero Armando Romero y al Sindicato de Guardianes y Ramas Anexas de Puerto Rico.

El 30 de mayo de 1973, la Junta emitió una Resolución ordenando el cierre definitivo del caso basándose en que las partes querelladas habían cumplido con la orden del 24 de abril de 1972 y con la sentencia de este Tribunal del 23 de abril de 1973.

El 23 de julio de 1973, compareció el obrero Armando Romero y el Sindicato de Guardianes y Ramas Anexas de Puerto Rico ante la Junta mediante moción suscrita por el Lcdo. Luis Angel López Olmedo titulada: "Moción Para Que Se Ordene Cumplimiento de Sentencia", alegando:

"1. Que en este caso existe una sentencia del Tribunal Supremo de Puerto Rico, condenando a Caribbean Towers, Inc.

y/o Asociación de Dueños del Condominio Caribbean Towers, Inc. et al., a pagar ciertas sumas de dinero por violación a convenio colectivo con el Sindicato de Guardianes y Ramas Anexas de Puerto Rico, Inc.

2. Que Caribbean Towers, Inc. y/o Asociación de Dueños del Condominio Caribbean Towers, Inc. et al., no ha cumplido en su totalidad con la sentencia impuesta habiendo depositado solamente el importe sencillo de la sentencia, *adeudando los intereses legales impuestos más el doble del importe de los daños causados, más costas, gastos y honorarios de abogado, conforme a la ley.*"

El 13 de febrero de 1974, la Junta, que había denegado la solicitud contenida en dicha moción, reconsideró su decisión, emitiendo Resolución al efecto, y ordenando a los querellados a satisfacer a los querellantes el pago de los intereses legales computados desde la fecha en que fueran notificados de las cantidades ciertas hasta el momento que les abonaran el principal de la deuda. En su referida Resolución del 13 de febrero de 1974, la Junta hizo mención de que en la petición original ante este Tribunal para poner en vigor la orden suya, suplicaron que se impusiera a los demandados *la obligación de satisfacer al obrero Armando Romero una suma igual a la adeudada* en virtud de lo establecido en el Art. 13 de la Ley Núm. 379 de 1948, 29 L.P.R.A. sec. 282. Igualmente instruyó al letrado suyo para que recurriera ante nos en solicitud para que se amplíe nuestra sentencia del 23 de abril de 1973.

Cumpliendo con lo ordenado por la Junta, la representación legal de ésta radicó ante nos, dentro de este mismo caso, una *"Solicitud de Ampliación de Sentencia"*, en la cual nos pide que ampliemos nuestra sentencia del 23 de abril de 1973 a los fines de:

"1. Ordenar a la parte demandada que satisfaga a los querellantes las sumas correspondientes por concepto de intereses legales acorde a lo dispuesto por esta Peticionaria en su Resolución del 14 de febrero de 1974.

2. Ordenar a la parte querellada a satisfacer al obrero Armando Romero la compensación adicional dispuesta por el Artículo 13 de la Ley 379 del 15 de mayo de 1948."

El 9 de septiembre de 1974 expedimos otra *orden para mostrar causa*, concediéndole un término de 20 días a las partes, para que comparecieran a mostrar causa por la cual no debía accederse a la "Solicitud de Ampliación de Sentencia" radicada por la Junta; modificando nuestra sentencia del 23 de abril de 1973, pero limitada solamente la modificación a la cuestión contenida en la súplica de dicha moción bajo el encasillado (1), a saber: ordenar a la parte querellada a satisfacer a los querellantes las sumas correspondientes por concepto de intereses legales de acuerdo con lo dispuesto por la Junta en su resolución del 14 de febrero de 1974, únicamente en cuanto al pago de las cantidades al Sr. Romero, a tiempo sencillo. Todas las partes fueron notificadas al día siguiente de dictada esa orden nuestra.

Dos días después de dictada nuestra última orden de mostrar causa, compareció el Lcdo. Luis Angel López Olmedo, en representación del obrero Armando Romero y el Sindicato de Guardianes y Ramas Anexas de Puerto Rico, y además por derecho propio, con una Moción Informativa y Solicitud de Honorarios de Abogado; haciendo constar que recibió copia de la solicitud de ampliación de sentencia radicada por la Junta; y que desea informar al Tribunal que ha representado al obrero Armando Romero y al Sindicato mencionado, ante la Junta solicitando el pago de los intereses legales, más el doble de los daños causados, más costas, gastos y honorarios de abogado en el caso, conforme a la Sec. 282 del Título 29 de L.P.R.A. y el caso de *Beauchamp* v. *Dorado Beach Hotel*, 98 D.P.R. 633 (1970); y en trámites subsiguientes ante la Junta hasta hoy; y que no habiendo cumplido los demandados con el pago de las penalidades establecidas en la ley, debe este Tribunal aplicar la referida Sec. 282 del Título 29 de L.P.R.A.

Ninguna de las partes ha comparecido a contestar nuestra

orden para mostrar causa, con excepción de la Moción Informativa firmada por el Lcdo. López Olmedo.

El Oficial Examinador Sr. José Oscar Ortíz cursó el 12 de julio de 1972 a la parte querellada una notificación, que no fue recibida por ésta hasta el 24 de julio de 1972, de las sumas adeudadas y a pagarse al Sr. Romero que detalló así[2]:

"A.—A Armando Romero

| | | |
|---|---|---|
| 1) 4 días feriados del año 1969 a $1.65 la hora .... | $ 52.80 |
| 2) Dos días feriados del año 1970 a $1.65 la hora | 26.40 |
| 3) 4 días feriados del año 1970 a $1.70 la hora .... | 54.40 |
| 4) Dos días feriados del año 1971 a $1.70 ........... | 27.20 |
| 5) 4 días feriados del año 1971 a $1.80 la hora .... | 57.60 |
| 6) 3 días feriados del año 1972 a $1.80 la hora .... | 43.20 |

Paga correspondiente al señor Romero por días feriados ...................................................................... $261.60"

Resumiendo, diremos que se nos pide la ampliación de nuestra sentencia del 23 de abril de 1973, para cubrir los siguientes cuatro puntos:

1. Condenar a la parte querellada a satisfacer una suma igual a la pagada por salarios a tiempo simple que ascendió a $261.00 por los días feriados que trabajó, o sea, $261.00 adicionales para cubrir el salario que debieron haber pagado, a tiempo doble.

2. A pagar intereses al tipo legal sobre esa suma de $261.00 desde que el Oficial Examinador notificó a la parte querellada, o sea, desde el 24 de julio de 1972, hasta el día en que se pague definitivamente esa deuda.

3. A pagar una suma igual por concepto de liquidación de daños y perjuicios, conforme a lo establecido por el Art. 13 de la Ley Núm. 379 del 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 282.

---

[2]Véase en autos la referida notificación.

4. Que se condone a la parte querellada a pagar las costas, gastos del procedimiento, más una suma razonable por concepto de honorarios de abogado, conforme a lo establecido en dicha Ley Núm. 379, *supra*.

Dicha Ley Núm. 379, en su Sec. 282, en su parte pertinente, lee así:

"Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, *más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogados del procedimiento.* (Bastardillas nuestras.)

Es cierto que esta disposición de la Ley Núm. 379 le confiere al obrero una acción civil directa ante los tribunales de Puerto Rico, y en este caso se planteó la cuestión de las sumas adeudadas al obrero y se resolvió a través de una querella ante la Junta mediante laudo y orden de la misma; pero no obstante, en el caso de *Beauchamp* v. *Dorado Beach Hotel*, 98 D.P.R. 633 (1970) (Rigau) [3], resolvimos que las disposiciones de dicha Ley Núm. 379 se consideran parte del contrato de trabajo, y deben considerarse incorporadas al mismo; y el pago de la suma adicional es una conclusión inevitable por ordenarlo así la ley; y no depende de que se recurra a un pleito ante los tribunales bajo la Ley Núm. 379, *supra*. Igualmente ocurre cuando la reclamación se hace a través de la Junta, como en este caso. En el referido caso de *Beauchamp*, supra, se dijo que lo allí resuelto se aplicaría solamente a las decisiones de los Comités de Quejas y a los laudos de arbitraje que se emitieren a partir de la fecha de esa opinión; pero resolvemos ahora que es extensivo a los laudos que la Junta emita a partir de la fecha de esta opinión, pero incluyendo el presente caso.

---

[3] Véase *J.R.T.* v. *Caribbean Towers, Inc.*, 99 D.P.R. 595 (1971).

La situación también es idéntica en lo referente al pago de intereses al tipo legal y al pago de costas, gastos y honorarios de abogado así como en relación con el pago del salario, a tipo o tiempo doble, cuando se trabaje en días feriados. Aparte de que en el Convenio Colectivo entre las partes se estipuló el pago de los días feriados a tiempo doble y además, la Junta ordenó su pago en esa forma; y estableció el pago de intereses legales sobre las sumas adeudadas.

Por las razones expuestas *se amplía nuestra sentencia del 23 de abril de 1973, en el sentido de ordenar, como se ordena que la parte querellada pague a la parte querellante la suma de $261.00 por concepto de tiempo doble; que es una suma igual a la de $261.00 ya pagados por concepto de salarios; más los intereses legales a partir del 24 de julio de 1972 hasta el día en que se pague definitivamente esa deuda; que pague, por concepto de liquidación de daños y perjuicios, la suma de $261.00, que es la suma igual dejada de pagar; más las costas y honorarios de abogado, que se fijan en $500.00.*

*Así ampliada, se deja en todo su vigor nuestra sentencia del 23 de abril de 1973.*

