AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, peticionaria, *v.* JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, demandada.

*Número:* O-69-258     *Resuelto:* 10 de mayo de 1971

*José Vela Ruiz, Luis F. Candal, Luis M. Rivera Pérez, Marcelino Delgado Medina* y *Rafael Buscaglia, Jr.,* abogados de la peticionaria; *Gilberto Gierbolini,* Procurador General, *Celia Canales de González, José Rodríguez Rosaly* y *Miguel A. Rivera Arroyo,* abogados de la demandada.

PER CURIAM: La recurrente solicita que revisemos la Decisión y Orden de la Junta de Relaciones del Trabajo de 24 de

septiembre de 1969. Mediante dicha Decisión la Junta halló a la recurrente incursa en prácticas ilícitas de trabajo, en violación del Art. 8(1) (a) de la Ley de Relaciones del Trabajo de Puerto Rico, 29 L.P.R.A. sec. 69(1) (a). Mediante su Orden la Junta ordenó a la peticionaria, en síntesis, a cesar y desistir de intervenir en cualquier forma con el derecho de sus empleados a llevar a cabo actividades gremiales. También, como es usual en estos casos, le ordenó que fijara por quince días un aviso contenido en dicha Orden mediante el cual el patrono informará a sus empleados que no ha de intervenir con sus actividades antes mencionadas.

La peticionaria hace cinco señalamientos de error los cuales pueden resumirse como sigue:

1. Que erró la Junta al adoptar ciertas conclusiones de hecho del Oficial Examinador absteniéndose de hacer conclusiones de ley respecto a las mismas.

2. Que erró la Junta al hacer caso omiso del segundo error señalado por la recurrente en sus excepciones al informe del Oficial Examinador.

3. Que erró la Junta al concluir que la recurrente intervino ilegalmente con los derechos de los empleados Carmen Tirado de Castro, David Colón O'Neill y José R. Lebrón Esterás.

4. Que erró la Junta al determinar que la recurrente violó el Art. 8(1) (a) de la ley porque la Junta expresó que la peticionaria no había actuado de mala fe.

5. Que erró la Junta al devolver el caso al Oficial Examinador para que éste informase sobre los daños sufridos por ciertos empleados de la recurrente.

Las conclusiones de hecho y de derecho en este caso son extensas. Constan en la propia Decisión de la Junta y en el informe del Oficial Examinador de 16 de junio de 1969. La Junta adoptó las conclusiones de hecho del Oficial Examinador y también las de derecho, aunque hizo algunas modi-

ficaciones a estas últimas. En cuanto a la Orden se refiere, la Junta coincidió sustancialmente con la recomendación del Oficial Examinador.

El primer error señalado no se cometió. En las páginas 1 y 2 de su Decisión la Junta expresó haber considerado el informe del Oficial Examinador, las excepciones presentadas por la recurrente y el expediente completo del caso. También expresó la Junta que adoptó las conclusiones de hecho del Oficial Examinador y que modificó las de derecho en tanto en cuanto no estuvieran de acuerdo con las conclusiones de la Junta. De esas excepciones de la Junta y del texto de su Decisión surge que la Junta adoptó las conclusiones de hecho y de derecho del Oficial Examinador, con las modificaciones antes mencionadas. No puede concluirse que la Junta no hizo conclusiones de derecho. La Junta no viene obligada a hacer conclusiones de hecho o de derecho independientemente de las del Oficial Examinador cuando expresamente ha indicado, como hizo en este caso, que adopta dichas conclusiones, aunque sea con las modificaciones que señala en su Decisión. Cuando la Junta adopta, en todo o en parte, dichas conclusiones no constituye error el que no las repita independientemente como suyas en su Decisión. Basta que se sepa en qué medida las adopta y eso surge de la Decisión de la Junta.

En el récord existe suficiente evidencia en apoyo de la conclusión del Oficial Examinador, que fue adoptada por la Junta, sobre una serie de actos del patrono, los cuales tomados en conjunto, presentan un cuadro de intervención con los derechos gremiales de los empleados. La Junta no hizo caso omiso de este problema sino que lo consideró y lo decidió en su Decisión. La determinación de la Junta en estos aspectos es cuasi judicial. Hay suficiente evidencia en el récord en apoyo de esas conclusiones adoptadas por la Junta. Las conclusiones de la Junta en cuanto a los hechos, si están

respaldados por la evidencia, serán concluyentes. Art. 9 de la ley, 29 L.P.R.A. sec. 70(2). No se cometió el segundo error señalado.

El tercer señalamiento también impugna las determinaciones de hecho que hizo la Junta en cuanto a las intervenciones del patrono con los empleados Carmen Tirado de Castro, David Colón O'Neill y José R. Lebrón Esterás. Colón O'Neill era uno de los líderes de la Unión durante la campaña de organización. Fue una de las personas que compareció a la Junta con una petición de representación. Participó en otras actividades gremiales. El patrono le comunicó a Colón O'Neill que si continuaba con dichas actividades lo despediría. El resultado de dicha comunicación fue que Colón O'Neill suspendió sus actividades gremiales. Este empleado fue citado a la oficina del Jefe de Personal donde se trató de obtener de él una promesa de que no seguiría actuando en actividades gremiales. Con ese mismo propósito se comunicó con él el Director Auxiliar de Personal. A la fecha en que estos hechos ocurrieron el status de Colón O'Neill, en cuanto a si éste podía estar representado por la unión peticionaria o no, no había sido todavía resuelto por la Junta.

El caso de la Sra. Tirado de Castro es parecido. Sin que su status se hubiese todavía determinado, se le cita a la oficina de un abogado del patrono y allí se le amonesta por haber participado en actividades gremiales. Lebrón Esterás fue citado a la oficina de su supervisor inmediato con el propósito de obtener de él una declaración jurada donde admitiera que él era un supervisor. Se le llamó la atención en el sentido de que lo mejor que podía hacer era firmar y evitarse problemas en el futuro porque los otros supervisores iban a ganar más dinero que él y que se iba a sentir mal ganando menos dinero y desempeñando el mismo tipo de trabajo. Debido a los procedimientos pendientes todavía el patrono carecía de la certeza jurídica necesaria para precisar si Lebrón Esterás era un supervisor o un empleado.

■ Estos hechos y otros que es innecesario relacionar forman el cuadro que hizo concluir a la Junta que el patrono había intervenido con los derechos gremiales de los empleados. De la transcripción del récord surge que esas intervenciones tuvieron un impacto considerable en el ánimo de los empleados del patrono. Los errores tercero y cuarto no se cometieron.

■ El quinto señalamiento tampoco contiene un error que justifique revocar. La Junta podía devolver el caso al Oficial Examinador para que recibiese evidencia sobre los daños recibidos, si alguno, por ciertos empleados de la recurrente. De todas maneras el punto no tiene mayor importancia porque las personas afectadas demostraron falta de interés y el asunto se archivó.

No habiéndose cometido los errores señalados, *se confirmará la Decisión y Orden de la Junta de Relaciones del Trabajo dictada en este caso en 24 de septiembre de 1969 y se le ordenará a la recurrente a cumplir con dicha Orden según fue emitida por la Junta.*