CELSO GONZÁLEZ Y SU ESPOSA, CARMEN L. HERNÁNDEZ, demandantes y recurridos, *v.* SAN JUST CORPORATION, demandada y recurrente.

*Número:* R-71-177      *Resuelto:* 5 de febrero de 1973

*Fiddler, González & Rodríguez* y *Federico Tilén,* abogados de la recurrente; *Tomás Sandoval Cruz* y *Víctor Alberty Ruiz,* abogados de los recurridos.

PER CURIAM: Los esposos Celso González y Carmen L. Hernández radicaron acción de daños y perjuicios contra San Just Corporation y "Gasner & Levine", alegando que la firma Gasner & Levine había construido y San Just les había vendido una casa para su vivienda, cuya casa adolecía de vicios de construcción y que los demandados se habían negado a corregir los defectos a pesar de los repetidos requerimientos de los demandantes. También alegaron éstos que habían sufrido angustias mentales debido a los referidos vicios de construcción.

Después de declararse sin lugar una moción de desestimación, se celebró juicio y el Tribunal Superior, Sala de Arecibo, declaró sin lugar la demanda contra Gasner & Levine por no haberse demostrado la existencia de tal entidad y con lugar la demanda contra San Just Corporation por considerar que ésta constituía una misma entidad con la Prime Construction Corporation, corporación ésta que según la prueba desfilada

fue la constructora de la casa en cuestión. En su quinta conclusión de hecho, el Tribunal recurrido señala que:

"5. Allan Gasner y Stanley Levine tienen negocio en Puerto Rico. Son, junto con Herman [*sic*] Nelson, los incorporadores y *accionistas mayoritarios de la San Just Corporation y de la Prime Construction Corp.* la cual construyó la casa en cuestión [cita]. Levine es Vice Presidente y Secretario de la San Just Corp. y Gasner su presidente. . . ." (Énfasis en el original.)

En sus conclusiones de derecho, el tribunal inferior expresa que éste es el "caso clásico" en que no debe respetarse la ficción corporativa y que el hacerlo conllevaría la desestimación de la demanda contra el *vendedor*, por hallarse prescrita, y no así la demanda contra el *constructor*. Se citan los casos referentes a la doctrina de "descorrer el velo corporativo".

Recurre la San Just Corporation de dicha sentencia ante este Tribunal. Señala ocho errores, de los cuales el quinto y el octavo se refieren a la conclusión del tribunal recurrido de que la demandada San Just Corporation y la Prime Construction Corporation tienen tal identidad de intereses que debe hacerse caso omiso de la distinción corporativa y responsabilizar a la vendedora en base a la responsabilidad legal de la constructora.

■ Visto el récord y la transcripción de evidencia, consideramos que no se demostró debidamente la confusión entre las dos corporaciones ni que el reconocer la diferencia entre ambas resulte en sancionar la evasión de obligaciones, el fraude, la injusticia o la derrota de la política pública. *Sucn. Santaella* v. *Srio. de Hacienda,* 96 D.P.R. 442 (1968); *Fleming* v. *Toa Alta Develop. Corp.,* 96 D.P.R. 240 (1968); *Pereira* v. *I.B.E.C.,* 95 D.P.R. 28 (1967); *San Miguel Fertil. Corp.* v. *P.R. Drydock,* 94 D.P.R. 424 (1967); *Licorería Trigo, Inc.* v. *Srio. de Hacienda,* 94 D.P.R. 270 (1967); *Quiñones Rosa* v. *Fajardo Development Co.,* 90 D.P.R. 684 (1964); *South P.R. Sugar Corp.* v. *Junta Azucarera,* 88 D.P.R. 43 (1963); *J. E. Candal & Co.* v. *Rivera,* 86 D.P.R. 508 (1962); *Sucn. Pérez*

v. *Gual*, 76 D.P.R. 959 (1954); *Cruz* v. *Ramírez*, 75 D.P.R. 947 (1954).

En primer lugar, los demandantes no alegaron la supuesta confusión entre las dos corporaciones en su demanda ni aparece que hicieran gestión alguna para averiguar quién fue el constructor de su vivienda ni para incluirlo como demandado, aún después de ser notificados por la demandada de que no existía en Puerto Rico la empresa Gasner & Levine. De hecho, la cuestión de la confusión entre las dos corporaciones surgió de parte del juez de instancia (T.E. págs. 47–50).

En segundo lugar, los demandantes en su turno de desfilar prueba no presentaron ninguna tendiente a demostrar la identidad entre la San Just Corp. y la Prime Construction Corp. Cuando la demandada presentó como testigo al Sr. Allan Gasner, el abogado de las demandantes en el contrainterrogatorio comenzó a preguntarle a dicho testigo ciertos detalles con el aparente propósito de establecer la confusión entre las dos corporaciones. En eso fue interrumpido por el juez, el cual procedió a hacer preguntas más directas sobre el particular. Veamos esta parte de la transcripción (págs. 118–119):

"Lic. Sandoval:

P. ¿Tienen Levine y usted algunas oficinas abiertas en Puerto Rico?

R. Sí, señor.

P. ¿A nombre de una corporación? ¿Qué nombre?

R. Saint [*sic*] Just Corporation es una de ellas.

P. ¿Dígame alguna otra más que tenga incorporada?

R. Carolina Alta.

P. ¿Alguna otra más?

R. Prime Construction la compone Mr. Gasner y Mr. Levine. Nosotros somos accionistas y hay otros accionistas.

P. ¿Quiero que me diga si los incorporadores de Prime Construction son o no los mismos de Saint [*sic*] Just Corp. y Carolina Alta Corporation? ¿Como cuestión de hecho quién son los promoters de esa corporacion?

Hon. Juez:

Si él los conoce.

R. Mr. Levine y yo estamos entre ellos.

Lic. Sandoval:

P. ¿Y la Prime Corporation fue la que hizo estas construcciones incluyendo la de los demandantes?

R. Sí.

Hon. Juez:

Perdone el compañero, a lo mejor le economizamos tiempo. ¿Los accionistas mayoritarios de Prime y Saint Just, cuáles son?

R. Allan H. Gasner, Stanley Levine, German [*sic*] Nelson."

■ Lo transcrito constituye toda la evidencia que desfiló en cuanto a la confusión entre las dos corporaciones. No se investigó más en detalle la estructura corporativa para determinar cuál era la proporción exacta de acciones poseídas por los Sres. Gasner y Levine y por los demás accionistas (*Licorería Trigo, Inc.* v. *Srio. de Hacienda*, supra; cf. *J. E. Candal & C.* v. *Rivera*, supra), ni para determinar si una de las corporaciones era subsidiaria de la otra (*Pereira* v. *I.B.E.C.*, supra; *South P.R. Sugar Corp.* v. *Junta Azucarera*, supra), ni si la mayoría de los directores y oficiales eran los mismos (*Licorería Trigo, Inc.* v. *Srio. de Hacienda*, supra; *South P.R. Sugar Corp.* v. *Junta Azucarera*, supra), ni si existían nexos familiares entre los accionistas (*J. E. Candal & Co.* v. *Rivera*, supra; cf. *Licorería Trigo, Inc.* v. *Srio. de Hacienda*, supra), ni si las operaciones entre ambas corporaciones eran exclusivas e integradas (*Licorería Trigo, Inc.* v. *Srio. de Hacienda*, supra; *South P.R. Sugar Corp.* v. *Junta Azucarera*, supra), ni cualquiera otra "prueba fuerte y robusta que justificaría rasgar el velo corporativo", *San Miguel Fertil. Corp.* v. *P.R. Drydock*, supra, a la pág. 430. Erró el tribunal recurrido al considerar la prueba suficiente para rasgar el velo corporativo.

En consecuencia, *se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de Arecibo, y se dictará otra desestimando la demanda.*