JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* MAREX CONSTRUCTION COMPANY, INC., BONANZA CONSTRUCTION COMPANY, INC., ET AL., demandadas.

*Número:* O-70-140 *Resuelto:* 19 de diciembre de 1974

*Gilberto Gierbolini Ortiz, Procurador General, J. F. Rodríguez Rivera* y *Peter Ortiz, Procuradores Generales Interinos, Marta Ramírez de Vera, Miguel A. Rivera Arroyo, José E. Rodríguez Rosaly* y *Richard V. Pereira,* abogados de la peticionaria; *Jorge L. Ruiz, Arturo Aponte Parés* y *George López Keelan,* abogados de las demandadas.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Este recurso pone de manifiesto cómo los trámites judiciales pueden convertirse en una madeja judicial que desnaturaliza los procedimientos claros y sencillos dispuestos en ley, dificultando y atrasando la ejecución y cumplimiento de los dictámenes de los foros adjudicativos.

En vista de los planteamientos de las partes, para una comprensión cabal de los términos de la presente, relacionamos a continuación cronológicamente la secuencia de hechos

y trámites acaecidos, según surgen del expediente de la Junta de Relaciones del Trabajo de Puerto Rico y este Tribunal.

En 29 de octubre de 1968 la Junta de Relaciones del Trabajo emitió una Decisión y Orden (¹) declarando a las querelladas Marex Construction Co., Inc. y Bonanza Construction, Co., Inc., incursas en prácticas ilícitas dentro del significado del Art. 8 (1) (f) de la Ley de Relaciones del Trabajo de Puerto Rico, imponiendo la obligación a éstas, o en su defecto a los señores Jorge Rexach Cátala y Ramón Martínez Correa, de remitir al ". . . Sindicato de Equipo Pesado, 21 plazos mensuales de $500.00 cada uno, y un último plazo de $586.55 los días 26 de cada mes comenzando el 26 de octubre de 1968."

Ante el incumplimiento de esta orden, en 26 de junio de 1970 la Junta de Relaciones del Trabajo de Puerto Rico, en adelante denominada Junta, acudió ante este Tribunal con una petición para que diéramos virtualidad a dicha orden, la cual —previa oportunidad de comparecencia a los demandados— en 27 de octubre de 1970 pusimos en vigor en su totalidad mediante sentencia. Remitimos el Mandato y la transcripción

---

(¹) Basada en un minucioso Informe rendido en 26 de septiembre de 1968 por el Oficial Examinador, Lcdo. Federico A. Cordero, contra el cual oportunamente no se formuló excepción u oposición. En síntesis, se concluyó que los querellados no entregaron ni remitieron al Tesorero del Sindicato, representante autorizado de los trabajadores, determinados dineros en concepto de cuotas y de aportación al Fondo de Bienestar de dicha agrupación obrera, ello en contravención de las disposiciones de un Convenio Colectivo vigente.

En base a unos acuerdos se estipuló que Marex Construction Co., Inc., adeudaba un total de $10,000 y Bonanza Construction Co., Inc., $11,086.55, acordándose su satisfacción en plazos de $500.00 mensuales. Por su relevancia copiamos lo siguiente: "Durante la conferencia con antelación a la vista, [ante el Oficial Examinador] el Sr. Jorge Rexach, Vicepresidente de las empresas querelladas, expresó que éstas son unas *corporaciones íntimas* en las cuales él controla el 50% y su socio Ramón Martínez Correa también controla el 50%. También indicó el señor Jorge Rexach, Vicepresidente de las empresas querelladas, que dichas corporaciones están inactivas." La transcripción oficial del procedimiento del día 26 de septiembre de 1968 refleja y sostiene esta conclusión.

certificada del procedimiento a la Junta en 10 de noviembre de 1970.

El 6 de junio de 1972, la Junta compareció ante este Tribunal solicitando se emitiese una orden requiriendo la comparecencia de Marex Construction Company, Inc., Bonanza Construction Co., Inc., Jorge Rexach Cátala y Ramón Martínez Correa para que mostraran causa por lo cual no debía castigárseles por desacato al rehusarse cumplir con dicha sentencia. El 17 de octubre de 1972 concedimos a los demandados diez (10) días para que mostraran causas por lo cual no debía accederse a dicho remedio.

El 6 de noviembre de 1972 comparecieron en autos los representantes legales de los demandados—quienes luego de radicar varias prórrogas y solicitudes basadas en necesidad de estudios y enfermedad—en 1ro. de febrero de 1973 radicaron un escrito denominado "Moción Mostrando Causa y Solicitud de Nulidad de Procedimientos y Para Que este Tribunal se Declare sin Jurisdicción". Previa comparecencia de la Junta, en 4 de mayo de 1973, emitimos resolución (²) ". . . y en ánimo de conservar la pureza del procedimiento . . ." revertimos el caso al trámite original inicial y ordenamos al Secretario notificar a los demandados con la Petición de la Junta de 26 de junio de 1970, concedimos término para mostrar causa, y bajo apercibimiento, dispusimos términos para los alegatos de las partes. Surge del récord que el Secretario del Tribunal, por conducto de la Oficina del Alguacil, diligenció fielmente el mandamiento correspondiente.

Subsiguientemente, en 23 de mayo de 1973, los demandados en escrito titulado *Comparecencia Especial y Alegato* solicitan de este Tribunal se declare sin jurisdicción por los fundamentos de que a dicha fecha no aparecía unida a los autos

---

(²) Surge del récord que la Petición de la Junta dirigida a la dirección postal inicial del Sr. Jorge Rexach Cátala fue devuelta, ante lo cual la Junta, mediante Moción certificó su remisión a una nueva dirección. También la Sentencia notificada por la Secretaría de este Tribunal a Marex Construction Company, Inc., fue devuelta por el sistema de correos.

del Tribunal la transcripción certificada del expediente completo—imposibilitando una adecuada defensa—y como consecuencia, resultar aplicable a la Junta la defensa de incuria (*laches*). También aducen que se rasgó indebidamente el velo corporativo sin cumplirse los requisitos jurisprudenciales al efecto. A dicho escrito la Junta sometió Memorando de Réplica, no habiendo los recurridos formulado contestación al 14 de julio de 1973—fecha límite que concedimos—ni al día de hoy.

 Antes de discutir y determinar los méritos de los planteamientos de los demandados, resulta oportuno reafirmar la facultad que posee la Junta, en la consecución de los propósitos de la ley, de fijar, designar y reconocer remedios de naturaleza económica relacionados con retención de cuotas, pérdida de salario por despido y daños por huelga ilegal. *J.R.T.* v. *A.M.A.*, 91 D.P.R. 500 (1964); *Seafarers Int. Union de P.R.* v. *J.R.T.*, 94 D.P.R. 697 (1967); *Pantoja* v. *Esco Corp.*, 100 D.P.R. 51 (1971); *JR.T.* v. *Milares Realty, Inc.*, 90 D.P.R. 844 (1964); *U.T.I.E.R.* v. *J.R.T.*, 99 D.P.R. 512 (1970.). Recientemente, en *J.R.T.* v. *Caribbean Towers Inc.*, 102 D.P.R. 774 (1974), reconocimos su autoridad para imponer las penalidades de daños, honorarios de abogado e intereses dispuestas en el Art. 13 de la Ley Núm. 379 del 15 de mayo de 1948, según enmendada. (29 L.P.R.A. sec. 282.) En el ejercicio de esta facultad la Junta, como organismo cuasi judicial, puede basar sus dictámenes no solo en la prueba aportada, sino en aquellas estipulaciones, acuerdos y convenios adoptados por las partes durante la tramitación de las querellas.

*PRIMER PLANTEAMIENTO: FALTA DE JURISDICCIÓN*

El primer planteamiento de los demandados impugna la jurisdicción de este Tribunal por el fundamento de que la Junta no radicó con su Petición la transcripción del expediente completo del procedimiento ante ella y, por tanto, no han

tenido oportunidad de defenderse adecuadamente durante el trámite actual. El mismo es frívolo e improcedente.

■ El récord revela que al radicarse la petición se acompañó la transcripción certificada del expediente completo del procedimiento CA-3692 (D-507) seguido ante la Junta. Al culminarse el procedimiento con la sentencia original del 27 de octubre de 1970—que puso en vigor la Decisión y Orden de la Junta—el Secretario cumplió con un trámite ministerial reglamentario devolviendo a la Junta, conjuntamente con el Mandato, la referida transcripción certificada. La propia certificación del Secretario de este Tribunal expedida el 14 de mayo de 1973 a petición de los abogados de los demandados refleja lo antes expuesto. El propósito de elevarse el récord administrativo es permitirnos examinar la suficiencia y méritos de cualquier *conclusión u orden de naturaleza jurídica* emitida por la Junta como corolario a nuestra función exclusiva de emitir decisión final sobre cuestiones de derecho, ya que las conclusiones de hechos de dicho organismo cuasi-judicial, respaldadas por evidencia, son concluyentes y definitivas. *Junta Rel. Trabajo* v. *Junta del Muelle*, 71 D.P.R. 154 (1950); *Rivera* v. *J.R.T.*, 70 D.P.R. 5 (1949); y *A.F.F.* v. *J.R.T.*, 99 D.P.R. 911 (1971).

■ Irrespectivamente de lo anterior, la disposición de ley que fija el mecanismo de revisión judicial contiene una norma que nos inhibe de aplicar un enfoque restringido, basado en la formulación y realce de cuestiones meramente técnicas y ritualistas, al disponer: "La observancia esencial de los procedimientos provistos en el presente sub-capítulo será suficiente para hacer efectivas las órdenes de la Junta y éstas no serán declaradas inaplicables, ilegales, o nulas por omisión de naturaleza técnica." Art. 9 de la Ley Núm. 130 de 8 de mayo de 1945, según enmendada, 29 L.P.R.A. sec. 70(2) (g). Habiéndose radicado nuevamente ante este Tribunal la transcripción del expediente completo en 19 de junio de 1973 —que ha sido objeto del más ponderado y cuidadoso análisis—

resalta a la vista la carencia de mérito de este primer planteamiento.

*SEGUNDO PLANTEAMIENTO: DEFENSA DE INCURIA*

La defensa de incuria (*laches*) esgrimida por los demandados, basada en que transcurrieron aproximadamente cuatro (4) años desde que se dictó la Decisión y Orden de la Junta hasta que se notificó la Resolución de este Tribunal en 4 de mayo de 1973, no procede en su perspectiva factual y jurídica.

El récord administrativo revela que desde el 26 de septiembre de 1968 la Junta actuó diligentemente en su reclamo y que en dicha fecha, en audiencia administrativa, el señor Jorge Rexach Cátala admitió que las demandadas Marex Construction Company, Inc. y Bonanza Construction Company, Inc., eran dos corporaciones íntimas controladas por éste y su socio Ramón Martínez Correa en un cincuenta por ciento cada uno, y que tales corporaciones estaban inactivas. Surge además, que Jorge Rexach Cátala estipuló el pago de las sumas adeudadas.

■ Las gestiones de la Junta trascienden la etapa administrativa y se extienden al foro judicial desde el 26 de junio de 1970 hasta el año 1973. Las dilaciones habidas son básicamente atribuibles a los demandados quienes cambiaron de dirección, omitiendo el informarlo oportunamente al organismo cuasi-judicial en el cual tenían pendientes el cumplimiento de unos deberes. Tal conducta no puede ser sancionada por este Tribunal en éste ni en ningún otro caso. En nuestra estructura de adjudicación de controversias—ya sea en la órbita administrativa o en la judicial—existe el deber implícito de una parte, abogado y de cualquier otra persona que participe en determinada controversia, de mantener y dar constancia de los cambios de dirección postal. Concluir lo contrario sería premiar la dejadez—consciente o inconsciente—en detrimento de un procesamiento ordenado, rápido, económico y justiciero contribuyendo a hilvanar una telaraña jurídico-procesal des-

favorable a los intereses de la ciudadanía en general acreedora en última instancia de un sistema de justicia eficiente.

■ Independientemente de que el trasfondo de hechos expuestos derrotan factualmente la aplicación de la defensa de incuria, la jurisprudencia establecida por este Tribunal impide que prevalezca jurídicamente la misma, pues no se ha demostrado que la alegada tardanza—que hemos visto no existió—haya causado perjuicio o daño a los demandados siendo ello requisito doctrinal para que prevalezca esta defensa. *Jiménez* v. *Junta de Retiro*, 61 D.P.R. 171 (1942) y *Alonso* v. *Tribunal Examinador de Médicos*, 74 D.P.R. 158 (1952).

*TERCER PLANTEAMIENTO: RASGAR INDEBIDAMENTE EL VELO CORPORATIVO*

■ No se puede arguir exitosamente que en el presente caso la Junta rasgó indebidamente el velo corporativo de las entidades demandadas Marex Construction Company, Inc. y Bonanza Construction Company, Inc., al imponer responsabilidad a Jorge Rexach Cátala. Dicha determinación de responsabilidad fue hecha en virtud de una estipulación—efectuada personalmente por el vicepresidente de las corporaciones, señor Jorge Rexach Cátala—quien asumió la obligación de pagar lo adeudado mediante un plan de pago propuesto y aceptado por las partes con la aprobación de la Junta. En vista de ello, no es extensivo al caso de autos el principio de responsabilidad limitada, consustancial con la entidad corporativa, expuesto en *Fleming* v. *Toa Alta Develop. Corp.*, 96 D.P.R. 240 (1968) y casos allí citados. Tampoco es aplicable lo decidido en *González* v. *San Just Corp.*, 101 D.P.R. 168 (1973), ya que hay en el caso de autos suficiente evidencia demostrativa de la confusión existente entre Jorge Rexach y las entidades jurídicas pues son corporaciones íntimas, el señor Rexach es el vicepresidente de ambas y controla el 50 por ciento de sus acciones.

■ Además, sostener lo contrario sería perpetuar una in-

justicia e ir en contra de un acuerdo válido derrotando no sólo la filosofía y política pública que orientan los trámites cuasi-judiciales ante la Junta, sino amparar bajo el manto de la ficción corporativa, actuaciones de personas que usufructuando los beneficios de una entidad jurídica, asumen en los foros de adjudicación de controversias obligaciones personales para luego no cumplirlas. Nos preguntamos: ¿Si al momento de estipularse el pago de las cantidades adeudadas las corporaciones estaban inactivas, quién sino el señor Rexach iba a cumplir lo convenido? La respuesta es evidente. Una obligación corporativa asumida válidamente por una persona individual, debe tener consecuencias jurídicas no susceptibles de ser rehuidas bajo al argumento *a posteriori* de que tal obligación correspondía exclusivamente a una corporación.

Ahora bien, lo previamente concluido demuestra que la Orden no puede prevalecer contra el codemandado Ramón Martínez Correa, ya que no surge de autos que éste asumiera individualmente responsabilidad alguna en cuanto a las deudas corporativas. No podía el señor Rexach obligarlo en los procedimientos ante la Junta, debiendo modificarse la Orden en este extremo. Así modificada, *se dictará Sentencia poniendo en vigor la Orden de la Junta de Relaciones del Trabajo de Puerto Rico de 29 de octubre de 1969.*