GONZÁLEZ PADÍN COMPANY, INC., peticionaria, *v.* JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, demandada.

*Número*: O-73-78    *Resuelto*: 31 de enero de 1975

*Héctor González Blanes,* abogado de la peticionaria; *Myriam Naveira de Rodón, Procuradora General, José E. Rodríguez Rosaly* y *Richard V. Pereira,* abogados de la Junta de Relaciones del Trabajo.

PER CURIAM: La Junta de Relaciones del Trabajo imputó y encontró incurso en la comisión de una práctica ilícita de trabajo al patrono peticionario. La alegada práctica ilícita de trabajo consistía en la violación por el patrono de la cláusula de "antigüedad" del convenio colectivo al despedir un empleado. La Junta requirió la reposición del empleado en su trabajo o en uno similar y el pago de los salarios dejados de percibir con motivo del despido.

El patrono alega, mediante este recurso, en primer término, que el convenio colectivo había dejado de estar en vigor a la fecha del alegado incumplimiento. Sin embargo, en la estipulación de las partes, aprobada y admitida en evidencia en la vista ante el examinador de la Junta de Relaciones del Trabajo se admite la vigencia del convenio. Además, un representante de la Unión de Empleados de González Padín explicó que el convenio había sido prorrogado varias veces por cuya razón continuó en vigor hasta la fecha del despido. (T.E. pág. 43.) La propia estipulación de hechos, reconociendo la vigencia del convenio colectivo a la fecha del despido en unión al testimonio sobre las prórrogas acordadas, demuestra la improcedencia del primer señalamiento.

El segundo apuntamiento de error se refiere a la interpretación que hizo la Junta con respecto a la cláusula de "antigüedad" contenida en el contrato que reza como sigue:

"En aquellos casos en que la Compañía, bien por razones de economía, o por cualquier otra causa justa, decidiere despedir uno o más empleados en cualquiera de sus departamentos, prevalecerán los derechos de antigüedad y serán despedidos en primer término aquellos empleados que tengan menos tiempo trabajando en la Compañía, siempre que tales empleados sean menos eficientes que los otros en el departamento; entendiéndose, sin embargo, que el derecho de antigüedad aquí reconocido no afectará el derecho de la Compañía a efectuar transferencia de empleados dentro de su organización comercial."

Los hechos que motivaron la controversia obrero-patronal en cuestión son los siguientes:

El señor Alejandro Montañez trabajó con la firma González Padín Company, Inc., durante cerca de 18 años con anterioridad al 17 de febrero de 1969, fecha en que fue despedido de su empleo. Al momento de su despido, y durante todo el tiempo que trabajó con González Padín, se desempeñaba como cobrador en el Departamento de Crédito de dicha empresa. Al dejar cesante a don Alejandro, la empresa mantuvo en sus empleos a otros empleados con menos antigüedad en la Compañía. También retuvo como empleados a dos cobradores del Departamento de Crédito, con menos antigüedad en sus empleos que don Alejandro. Estos dos cobradores realizaban sus funciones utilizando automóviles de la empresa. Don Alejandro no tenía licencia de conducir ni propósito de conseguir una, lo cual no le permitía cubrir las zonas de cobro que cubrían los cobradores-choferes. Don Alejandro tenía un impedimento al hablar que le restaba su eficiencia en el trabajo que realizaba. Por bastante tiempo antes de la fecha de despido el montante de sus cobros no era suficiente para cubrir su sueldo.

La Junta resolvió, conforme a su interpretación de la cláusula de antigüedad, que el patrono venía obligado, antes de un despido, a ofrecer al empleado que se proponía despedir, la oportunidad de trabajar en otra plaza en la empresa, para la cual estuviere capacitado, si la plaza a ofrecerse estuviere

ocupada por un empleado de menos antigüedad. No estamos de acuerdo. Es reconocida la deferencia que generalmente guardamos a las interpretaciones que hace la Junta sobre las disposiciones de un convenio colectivo a menos que su juicio sea claramente erróneo, pero dicha norma jurisprudencial no es aplicable a la interpretación de las cuestiones de derecho sobre las que podemos ejercitar nuestro criterio independiente. *J.R.T.* v. *Marex Const. Co.*, 103 D.P.R. 135 (1974) ; *Colonos de Santa Juana* v. *Junta Azucarera*, 77 D.PR. 392 (1954).

Estamos frente a una situación de una organización comercial que consta de varios departamentos, y por ello la cláusula aludida de "antigüedad" se refiere a los empleados de los departamentos *vis a vis* los empleados de toda la organización. La cláusula aludida reconoce un derecho de antigüedad, en casos de despidos, que es aplicable solamente si el empleado de mayor antigüedad que se propone despedir, es por lo menos igualmente eficiente que el de menor antigüedad. Según leemos su texto se reconoce la antigüedad según el tiempo que lleva el empleado trabajando en la compañía; pero el grado de eficiencia del que se propone destituir se mide en relación con el de otros empleados del departamento en particular en que trabaja el primero, y no frente a los empleados de los otros departamentos del patrono.

■ La obligación del patrono bajo la cláusula de antigüedad es la de (1) determinar la antigüedad de los empleados dentro del departamento en que se va a hacer el despido; (2) evaluar la eficiencia del que se propone despedir frente a la eficiencia de la de los otros empleados del departamento; y (3) proceder a despedir aquel empleado del departamento que sea menos eficiente. Si resultare que hay uno o más empleados que son igualmente eficientes se despedirá al de menor antigüedad.

La prueba demostró que el empleado despedido resultó ser el menos eficiente de los empleados del departamento a cargo

de los cobros. Es por ello que el patrono estuvo justificado en despedirlo.

*Por los fundamentos expresados se revocará la decisión y orden de la Junta recurrida.*