JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* HÉCTOR E. ARANAS Y OTROS, demandados.

*Número:* O-75-101    *Resuelto:* 2 de mayo de 1975

*Federico Díaz Ortiz, Richard V. Pereira* y *Edwin Ortiz Pietri,* abogados de la peticionaria; *Héctor E. Aranas* y *Héctor Aranas,* por derecho propio; *Marco Antonio Rigau,* abogado de los demandados; *E. L. Belén Trujillo,* abogado de Enrique López Blanca.

PER CURIAM: En 14 de marzo de 1975 expedimos la siguiente Resolución en el caso de epígrafe:

"Vista la petición presentada por la Junta de Relaciones del Trabajo de Puerto Rico y examinada la transcripción certificada del expediente completo del procedimiento, se expide una orden dirigida a los demandados de epígrafe para que en el término de diez (10) días comparezcan a mostrar causa por la cual, bajo apercibimiento de desacato, no deban cumplir estrictamente la orden emitida por la referida Junta el 21 de junio de 1973.

El Secretario del Tribunal deberá notificar copia de la presente a las personas y entidades relacionadas en la página 5 de la petición que nos ocupa."

Los demandados Héctor E. Aranas, Héctor Aranas Vivaldi y Emilio Figueroa Mangual han comparecido argumentando meritoriamente, que en virtud de contrato suscrito con el codemandado Enrique López Blanca, quedaron relevados del pago de las cantidades objeto de la Decisión y Orden de la Junta; hecho evidenciado por estipulación acordada entre López Blanca y la Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, Local 610 AFL-CIO según fuera sometida el 13 de septiembre de 1974 a dicho organismo durante las gestiones de cobro.

En su alegación responsiva López Blanca acepta los hechos básicos de la petición y bajo el fundamento de grave situación económica nos propone solventar la deuda estipulada a través de un plan de pago.

En *J.R.T.* v. *Marex Const. Co., Inc.*, 103 D.P.R. 135 (1974), expusimos el *ratio* de que cualquier persona natural o jurídica que asume ante los foros de adjudicación de controversias determinadas obligaciones personales, debe cumplirlas fielmente. Si aceptáramos el plan de pago del demandado López Blanca nada impide que nuevamente lo incumpla aduciendo cualquier excusa. Una de nuestras funciones ineludibles y primarias como poder judicial de última instancia en Puerto Rico, no es sólo darle finalidad y reposo a las controversias que se nos plantean, sino garantizar fielmente la ejecución de nuestros dictámenes y de aquellos emitidos por los foros de adjudicación de primera instancia.

En vista de lo expuesto, dictamos Sentencia relevando a los codemandados Héctor E. Aranas, Héctor Aranas Vivaldi y Emilio Figueroa Mangual de los términos de la Orden de la Junta de fecha 21 de junio de 1973 y la ponemos en vigor en cuanto al codemandado López Blanca, quien deberá inmediatamente satisfacer a la Unión antes mencionada la cantidad total de $4,285.67 o el balance menor pendiente que de dicha cantidad adeudare a esta fecha.

■ ·Aclaramos que la exclusividad que nos confiere el Art. 9 de la Ley Núm. 130 de 8 de mayo de 1945, según enmendada (29 L.P.R.A. sec. 70), para poner en vigor o revisar una actuación de la Junta, cubre únicamente hasta la etapa de la Sentencia final. En ausencia de circunstancias extraordinarias en que esté envuelto el interés público u otras consideraciones análogas, de ordinario, nos abstendremos de trascender nuestra función clásica de tribunal apelativo y dejaremos a los tribunales de instancia, como foros primarios judiciales, entender en· cualquier solicitud ulterior de la Junta tendente hacer efectiva y ejecutar—a través de la obtención de una Orden de Mandamiento de Embargo o· cualquier otro remedio—nuestra Sentencia.