JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* AUTORIDAD METROPOLITANA DE AUTOBUSES, recurrida.

*Número:* CE-86-571     *Resuelto:* 16 de junio de 1987

*María Susana Márquez Canals*, abogada de la peticionaria; *Amelia Fortuño Ruiz*, de *Lespier, Muñoz Noya & Ramírez*, abogada de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El 1ro de marzo de 1983 la Hermandad de Empleados de Oficina, Comercio y Ramas Anexas de Puerto Rico

(AMA) (en adelante la Hermandad), sometió a la Junta de Relaciones del Trabajo de Puerto Rico (en adelante la Junta) una petición de clarificación de la Unidad Apropiada, para que la Junta decidiera cuál era la unidad apropiada, en cuanto a varios casos de empleados, a los fines de la negociación colectiva entre la Hermandad y el patrono, la Autoridad Metropolitana de Autobuses (A.M.A.).[1]

Luego de los trámites de rigor, la Junta adoptó parte de las recomendaciones de la oficial examinadora y rechazó otras partes. A tenor con lo anterior procedió a decidir que algunas plazas eran confidenciales, por lo que no eran parte de la unidad apropiada y que en las restantes plazas los incumbentes eran empleados, según este término es definido por la Ley de Relaciones del Trabajo, que pasaban a formar parte de la Hermandad, y como tales sujetos a los convenios colectivos vigentes. En su decisión de 10 de mayo de 1985, la Junta ordenó que las plazas comprendidas en el caso quedaban clarificadas, teniendo en cuenta las determinaciones allí expuestas. El 7 de junio de 1985 se denegó la reconsideración del patrono.

El 13 de junio de 1985 el tesorero de la Hermandad le solicitó, por escrito, al Presidente y Gerente General de la A.M.A., que se implantara la decisión y orden de la Junta. El 20 de junio de 1985 el patrono contestó para informar que no era su intención desacatar la orden de la Junta, sino que "estamos evaluando la misma para determinar si recurrimos al Tribunal Supremo de Puerto Rico". *Exhibit* E. También expresó que la reorganización administrativa en la agencia cambiaba sustancialmente los hechos que se estudiaron durante la investigación que dio margen a la decisión.

Así las cosas, el 1ro de octubre de 1985 la Hermandad presentó un cargo sobre práctica ilícita del trabajo, y alegó

[1] Expediente Número PC 112.

que la A.M.A. había violado el convenio colectivo y la orden de la Junta.(²)

El 28 de mayo de 1986 el Presidente de la Junta emitió una resolución en la que declaraba que el cargo de práctica ilícita (Núm. CA-7539) debía considerarse como uno de incumplimiento de la decisión y orden en el caso PC-112 y reabrió este último caso. El 3 de junio de 1986 la Junta ordenó a su asesora legal presentar el recurso correspondiente ante este Tribunal.

El 29 de agosto de 1986 se presentó esta petición para que se ponga en vigor la decisión y orden de la Junta de Relaciones del Trabajo de Puerto Rico. La A.M.A. se ha opuesto a lo allí solicitado. La Junta sometió una réplica a dicha oposición. Pasamos a resolver.

■ Consideramos en primer término la contención del patrono de que no tenemos jurisdicción para considerar la presente petición. Sostiene que el Art. 9(2)(a) de la Ley Núm. 130 de 8 de mayo de 1945, según enmendado, 29 L.P.R.A. sec. 70(2)(a), le concede facultad a la Junta para acudir a este Tribunal en casos en que ésta haya emitido una orden en un cargo de práctica ilícita de trabajo o cuando la Junta acuda en solicitud para que se ponga en vigor un laudo de

---

(²) En el caso Núm. CA-7539, el referido cargo lee así:

"En o desde el 7 de junio de 1985 y en adelante violó y aún continúa violando el convenio colectivo negociado con la Hermandad de Empleados de Oficina, Comercio y Ramas Anexas de Puerto Rico (AMA) en su Artículo XIX —Descuento de Cuotas— y Artículo V —Fondo de Bienestar— al no descontar las cuotas periódicas para la unión y al no hacer las aportaciones al Fondo de Bienestar a los empleados que ocupan las plazas de Secretaria de la Oficina de Información, Secretaria del Director de Area de Mantenimiento de Edificios y Terrenos, Secretaria de Asuntos Federales, Secretaria del Negociado de Mercadeo, Secretaria del Director del Area de Operaciones, Secretaria del Director del Area de Desarrollo Técnico, Técnicos de Electrónica II, Analista de Servicio, Secretaria del Ayudante Especial del Presidente y Gerente General y Técnica de Administración del Negociado de Itinerarios, según Decisión número 1010 de la Junta que dispone que los empleados que ocupan dichas plazas deben estar incluídos en la unidad apropiada de la negociación colectiva." *Exhibit* C.

arbitraje, por lo que la Junta no puede acudir ante nos para hacer cumplir una orden sobre clarificación de la unidad apropiada. No le asiste la razón.

El inciso 2(a) del Art. 9 provee lo siguiente:

(2)(a) La Junta podrá solicitar del Tribunal Supremo de Puerto Rico, o si el Tribunal Supremo estuviere de vacaciones, del Juez de Turno del mismo, que se ponga en vigor la orden de la Junta y podrá además solicitar de dicho tribunal que expida cualquier otra orden provisional adecuada de remedio o prohibición, y certificará y radicará ante el tribunal la transcripción del expediente completo del procedimiento, incluyendo los alegatos y declaraciones en que se base dicha orden y las conclusiones y orden de la Junta. Una vez hecha la radicación, el tribunal hará notificar la misma a la persona a quien vaya dirigida la orden, y tendrá consiguientemente jurisdicción en el procedimiento y en el asunto envuelto en el mismo, y tendrá poder para dictar la orden temporal de remedio o prohibición que crea justa y adecuada, y dictará, a base de las alegaciones, declaraciones y procedimientos expresados en dicha transcripción, un decreto poniendo en vigor, modificando y poniendo en vigor así modificada, o revocando, en todo o en parte, la orden de la Junta. Ninguna objeción que no se hubiera levantado ante la Junta, cualquiera de sus miembros, agente o agencia, se tomará en consideración por el tribunal, a menos que la omisión o descuido en la presentación de dicha objeción fuere excusada por razón de circunstancias extraordinarias. Las conclusiones de la Junta en cuanto a los hechos, si estuvieren respaldadas por la evidencia, serán concluyentes. Si cualquiera de las partes solicitare del tribunal permiso para aducir evidencia adicional y demostrare a satisfacción del tribunal que dicha evidencia adicional es material y que había motivos razonables para no presentarla en la audiencia celebrada ante la Junta o ante cualquiera de sus miembros, agente o agencia, el tribunal podrá ordenar que la misma se tome ante la Junta, cualquiera de sus miembros, agente o agencia, y que se haga parte de la transcripción. La Junta podrá modificar sus conclusiones en cuanto a los hechos, o llegar a nuevas conclusiones, por razón de la evidencia adicional así tomada

y radicada, y radicará dichas conclusiones, modificadas o nuevas, las cuales, si están respaldadas por la evidencia, serán concluyentes, y radicará sus recomendaciones, si las tuviere, para la modificación o revocación de su orden original. La jurisdicción del Tribunal Supremo será exclusiva y su sentencia final, con excepción que la misma estará sujeta a revisión por el Tribunal Supremo de Puerto Rico en pleno, si la solicitud se hizo ante el Juez de Turno de dicho tribunal, según arriba se dispone. 29 L.P.R.A. sec. 70(2)(a).

Esta disposición debe ser interpretada junto al inciso (2) del Art. 5 de la Ley Núm. 130 de 8 de mayo de 1945 (29 L.P.R.A. sec. 66(2)) que es el que faculta a la Junta a decidir en cada caso cuál es la unidad apropiada al disponer que:

A fin de asegurar a los empleados el pleno disfrute de sus derechos a organizarse entre sí, a negociar colectivamente, y de llevar a cabo los demás propósitos de este Subcapítulo, la Junta decidirá en cada caso la unidad apropiada a los fines de la negociación colectiva.

La composición de la unidad apropiada es cuestión de la exclusiva jurisdicción de la Junta de Relaciones del Trabajo. *F.S.E.* v. *J.R.T.*, 111 D.P.R. 505, 514 (1981). Esta determinación no ha de ser alterada por nosotros si existe evidencia en el récord que la sustente, ausentes otros indicios de que ha habido prejuicio o parcialidad por parte de la Junta. 29 L.P.R.A. sec. 70; *Rivera* v. *Junta Relaciones del Trabajo*, 70 D.P.R. 5, 12–13 (1949); *J.R.T.* v. *Marex Const. Co., Inc.*, 103 D.P.R. 135, 140 (1974). Aquí la A.M.A. se cruzó de brazos al no impugnar ni intentar revisar la decisión y orden que bajo esta disposición emitiera la Junta. Ante el incumplimiento del patrono, la Hermandad acudió ante la Junta. Se denominó como un cargo de práctica ilícita, precisamente porque al no cumplir la A.M.A. lo ordenado, viola el convenio al no efectuar los descuentos y aportaciones correspondientes. Por eso es que la Junta resuelve el 3 de junio de 1986 que:

Vista la Resolución emitida el 28 de mayo de 1986 por el Presidente de la Junta y luego de considerar y analizar la situación planteada por la Hermandad de Empleados de Oficina, Comercio y Ramas Anexas (AMA), a la luz del caso núm. CA-7539, [se resuelve] [o]rdenar a la Asesora Legal, Lcda. Susana Márquez Canals, que recurra ante el Honorable Tribunal Supremo al amparo del Artículo 9(2)(a) de la Ley, y le solicite que se ponga en vigor la Decisión y Orden emitida en este caso incluyendo la solicitud de que se ordene al patrono a efectuar descuentos de cuotas y aportaciones al Fondo de Bienestar correspondientes a las plazas que en el caso de epígrafe se determinaron como pertenecientes a la unidad apropiada de negociación colectiva, más los intereses legales. *Exhibit* B, pág. 005.

■ Tenemos jurisdicción para poner en vigor las órdenes de la Junta sobre la composición de la unidad apropiada y el incumplimiento de la orden y del convenio colectivo, los cuales constituyen una práctica ilícita. Al así resolver damos plena virtualidad a los poderes y facultades de la Junta.

■ La A.M.A. invoca la doctrina de incuria para oponerse a lo solicitado. No tiene razón. Estamos ante una orden emitida en un asunto permeado de interés público, Art. 1 de la Ley Núm. 130, *supra*, 29 L.P.R.A. sec. 62. El patrono no ha alegado ni establecido perjuicio sustancial. Por otro lado, las órdenes de la Junta no han perdido virtualidad ni efectividad. Estamos en tiempo para actuar. No hacerlo conllevaría convalidar el incumplimiento del patrono.

■ La A.M.A. trata de evadir su responsabilidad; aduce que no incumplió la orden porque allí no se le exigió, en forma expresa, hacer deducciones de cuotas ni aportaciones al Fondo de Bienestar. Esta contención es patentemente frívola. Al declarar que unos empleados pertenecen a la unidad apropiada, se le reconocen, desde

ese momento, a los empleados todos los derechos que emanan de la ley y el convenio colectivo. Como nos señala la Junta "la consecuencia lógica, directa e inevitable de una determinación de la Junta ordenando incluir ciertas plazas en una unidad apropiada es que el patrono aplicará a los empleados que ocupan esas plazas, las disposiciones del convenio colectivo que esté en vigor". Réplica al escrito de oposición, pág. 3.

Por último sostiene la A.M.A. que:[3]

Que no ha habido una determinación final en el Caso Núm. CA-7539, cargo de práctica ilícita radicado por la HEO contra la AMA, ni se ha celebrado Vista en dicho caso, por lo que resulta prematura, improcedente en derecho y en violación al debido Procedimiento de Ley cualquier Petición al Tribunal Supremo de Puerto Rico relacionada con dicho cargo. Oposición a la petición, pág. 8.

■ Es improcedente el señalamiento. En ningún momento la A.M.A. ni siquiera ha intentado demostrar que ha cumplido las órdenes. Tampoco ha esbozado argumento alguno sobre la legalidad y corrección de la orden. El planteamiento constitucional es altamente especulativo. En esta etapa del procedimiento no era necesario celebrar vistas adicionales. Resolvemos que exigirle a la Junta repetir el proceso de celebración de vistas ante oficiales examinadores y adoptar otra decisión, antes de que pueda acudir ante nos para poner en vigor sus órdenes, atentaría contra la política pública de resolver prontamente las controversias obrero-patronales. El caso está maduro para adjudicación judicial.

Por los fundamentos anteriormente expuestos, *se dictará sentencia que ponga en vigor las decisiones y órdenes de la Junta de Relaciones del Trabajo.*

---

[3] Para una mejor organización de los planteamientos y su análisis, hemos variado el orden en que las partes los discuten.

El Juez Asociado Señor Rebollo López disiente sin opinión escrita.